IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE DEION CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-173 |
| | ) | |
| STATE OF GEORGIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events that occurred in Columbia County, Georgia. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I. **SCREENING OF THE COMPLAINT**

Plaintiff names the following Defendants: (1) State of Georgia; (2) City of Augusta, Georgia; (3) FNU Day, a sheriff's deputy on the Columbia County Drug Task Force; and (4) unknown John Does who were members of the Columbia County Drug Task Force that participated in Plaintiff's arrest on the drug charges for which he is currently incarcerated. (Doc. no. 1, pp. 1, 4, 5.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 3, 2013, Defendant Day and other unknown members of the Columbia County Drug Task Force arrested Plaintiff on a charge of trafficking in cocaine. (Id. at 5.)

Plaintiff, who has multiple sclerosis and is confined to a wheelchair, was thrown to the ground and beaten by Defendant Day and other unknown members of the Columbia County Drug Task Force. (Id.). Although Plaintiff did not resist arrest, he was punched, pistol whipped, and kicked until he was unconscious, resulting in his hospitalization. (Id.) None of the officers on the scene intervened to stop Defendant Day or the others from beating Plaintiff. (Id. at 6.) Plaintiff seeks ten million dollars for nominal, compensatory, and punitive damages. (Id. at 7.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably stated a Fourth Amendment claim against Defendant Day and other "John Doe" members of the Columbia County Drug Task Force for use of excessive force. See Graham v. Connor, 490 U.S. 386, 396-97 (1989). Plaintiff has also arguably stated a claim against "John Doe" members of the Columbia County Drug Task Force who were present and failed to intervene to stop the beating. McCray v. City of Dothan, No. 01-15756-DD, 2003 WL 23518420, at *6 (11th Cir. Apr. 24, 2003) (citing Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985)).

At this early stage in the case, the Court will also allow Plaintiff's state law claims to proceed past the screening stage. The Court derives the power to hear Plaintiff's case under the authority of 28 U.S.C. § 1331, which gives the Court the power to hear claims arising under federal law, here, 42 U.S.C. § 1983. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Given the lack of information about the details of Plaintiff's state law claims and the uncertainty as to which John Doe defendants may become part of this case, and given that the Court is allowing a federal claim for use of excessive force to proceed, declining to exercise jurisdiction over any state law

claims would be premature. See Myers v. Bowman, 713 F.3d 1319, 1325-26 (11th Cir. 2013) (potential state law claims including assault, battery, and intentional infliction of emotional distress traveled with Fourth Amendment excessive force claim until entry of summary judgment on federal claim, at which time court declined to exercise supplemental jurisdiction over state law claims).

Accordingly, process shall issue as to Defendant Day. Of course, Plaintiff is responsible for identifying the John Doe defendants. If and when he identifies these individuals, he must notify the Court so that the Marshal can be directed to effect service. At this time, however, the Court cannot order service on unknown individuals. Plaintiff is reminded that as described herein, service must be accomplished within 120 days. Therefore, he should provide the Court with the name and location of the John Doe defendants as soon as possible. In a companion Report and Recommendation, the Court recommends dismissal of the State of Georgia and the City of Augusta, Georgia.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Day. The United States Marshal shall mail a copy of the complaint (doc. no. 1) and this Order by first-class mail and request that the defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 120 days of the date of this Order, and the failure to do so may result in the

3

dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate all defendants to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendant, or upon his defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or his counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendant shall ensure that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the last answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to

dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

## III. REQUEST FOR APPOINTMENT OF COUNSEL

In his complaint, Plaintiff also requests appointment of counsel, arguing that he is mentally ill, has multiple sclerosis, and can barely read or write. (Doc. no. 1, p. 7.) As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified the appointment of counsel

where the suspect conduct of prison officials hindered prisoner plaintiff's ability to present the essential merits of his case and, additionally, where such appointment would alleviate security concerns and help sharpen the issues).

Here, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff provides no details about how his multiple sclerosis or unspecified mental illness prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). As to the claimed inability to read and write, the record reflects that Plaintiff has timely responded to all orders from the Court, including completing and returning his prisoner trust fund account statement and consent to collection of fees forms. Moreover, as indicated in the complaint, Plaintiff is receiving assistance from his fellow inmates, who, as set forth *supra*, have helped Plaintiff to be able to present his claims well enough for the Court to determine that he has arguably stated claims for relief against multiple Defendants. Therefore, the Court denies Plaintiff's request for appointment of counsel. The Court will entertain a motion for appointment of counsel if, later on in the proceedings, exceptional circumstances arise and Plaintiff cannot present the essential merits of his position, and it becomes apparent that counsel should be appointed, after due consideration of the complexity of the issues raise or their novelty. See Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).

SO ORDERED this 10th day of November, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA