IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE DEION CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-173 |
| | ) | |
| DEPUTY MICHAEL DAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case and has filed a motion to compel discovery. Because he is proceeding IFP, the Court screened his complaint and on November 10, 2014, directed the United States Marshal to effect service of process on Defendant Day. (See doc. no. 7.) Attorney James B. Ellington represents Defendant Day. (See doc. nos. 13, 15.) As to the John Doe members of the Columbia County Drug Task Force against whom the Court also determined Plaintiff had arguably stated claims, the Court cautioned Plaintiff that he was responsible for identifying them and notifying the Court of the names of those individuals so that service of process could be effected on them. (Doc. no. 7, pp. 2-3.) Plaintiff made at least two attempts to gain information about these John Doe officers, neither of which have complied with the Court's November 10th instructions regarding the discovery process. (Id. at 4-5.)

First, on December 24, 2014, the Clerk filed a "Motion to Order Early Discovery/Motion for Subpoena of Records & Documents" that was purportedly submitted on behalf of Plaintiff. (See doc. no. 11.) The motion was premature because no defendant had yet made an appearance in the case at that time. Moreover, the motion was not signed by Plaintiff but was instead signed by a fellow

inmate, "Daniel W. Taylor for Terrance D. Curry." (Id. at 4.) At that time, the Court explained, "Mr. Taylor is not an attorney and therefore may not sign and file papers on Plaintiff's behalf." (Doc. no. 12, p. 2.) Upon receipt of Plaintiff's signature on the motion, the Court again instructed Plaintiff that his discovery requests must be made in accordance with the Federal Rules of Civil Procedure and should be served on Attorney James B. Ellington, Hull Barrett, PC, P.O. Box 1564, Augusta, Georgia 30903. (See doc. nos. 14, 17.)

The second attempt to obtain discovery information resulted in the motion to compel currently before the Court. As explained in Defendant's opposition to the motion, Plaintiff first failed to properly address his discovery to Attorney Ellington and simply sent the discovery to the Hull Barrett Law Firm. (See doc. no. 19.) More importantly, Mr. Taylor continues to sign "For Terrance D. Curry," even though the Court has explained Mr. Taylor, as a non-attorney, cannot sign papers in this case on behalf of Plaintiff. See also Fed. R. Civ. P. 26(g)(1) ("[E]very discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally if unrepresented. . . .").

Additionally, Plaintiff filed his motion to compel before the time to respond to the discovery requests had even expired. Under Federal Rule 33 and Federal Rule 34 concerning interrogatories and requests for production of documents, a party has thirty days to respond, and because the requests were served by mail, three additional days are added under Federal Rule 6(d). Even if the requests had been validly signed by Plaintiff, the envelope in which they arrived bears a postmark of February 10, 2015, meaning the responses are not due until Monday, March 16, 2015, because the thirty-third day falls a Sunday. See Fed. R. Civ. P. 6(a)(1)(C).

Finally, the motion to compel does not comply with the Court's Local Rules. As explained in the Court's November 10th Order:

2

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Doc. no. 7, p. 5.) The motion to compel does not contain the required good faith certification. Failure to include such certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion); see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

For all of these reasons, the Court **DENIES** the motion to compel. (Doc. no. 18.) The Court again cautions Plaintiff and Mr. Taylor that Mr. Taylor may not sign papers in this case on behalf of Plaintiff.

SO ORDERED this 16th day of March, 2015, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.