IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE DEION CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-173 |
| | ) | |
| DEPUTY MICHAEL DAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* in this civil rights case and previously filed two motions attempting to compel discovery. (Doc. nos. 11, 18.) In denying both motions, the Court explained to Plaintiff the procedure for obtaining discovery and the time limits within which a party has to respond to properly submitted discovery requests. (See doc. nos. 17, 20.) In particular, the last Order clearly stated that Defendant Day's responses to Plaintiff's discovery requests were not due until March 16, 2015. (Doc. no. 20, p. 2.)

In a motion signed by Plaintiff on March 15, 2015, and filed by the Clerk of Court on March 19, 2015, Plaintiff seeks sanctions against Defendant Day for his alleged failure to comply with the Order of this Court on February 6, 2015 and/or to compel the production of discovery information from Defendant Day. (Doc. no. 21.) Although docketed by the Clerk of Court as a motion for contempt, it is yet another motion to compel.

Based on the signature date of Plaintiff's current motion and the date the Court entered its Order denying the second motion to compel, it appears the current motion and second Order crossed in the mail. Plaintiff thus did not have the benefit of the Court's explanation that

Defendant's discovery responses were not due until March 16, 2015, at the time he filed this third discovery motion. Importantly, Defendant Day states that he served responses and objections to Plaintiff's discovery requests on March 16, 2015. (Doc. no. 22, p. 2 ¶ 6.) If Plaintiff had received the second discovery Order prior to filing the instant motion, he would have known that Defendant had not violated any discovery rules at the time Plaintiff filed his motion.

Plaintiff also would have been reminded that his current discovery motion does not comply with Local Rule 26.5, which provides as follows:

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Doc. no. 20, p. 3 (citing doc. no. 7, p. 5).)

The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Moreover, one letter or discovery request, which simply demands that Defendant accede to every demand for information from Plaintiff, can hardly be considered to qualify as a good faith effort to confer and attempt to resolve a dispute. See Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186-87 (3d Cir. 2003) (recognizing requirement for good faith effort at conferring about dispute, not simply demanding acquiescence); Williams v. Board of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan., 192 F.R.D. 698, 699-700 (D. Kan. 2000) (single letter between counsel which addresses discovery dispute does not satisfy duty to confer); Porter v. Brancato, No. Civ. A. 96-2208-KHV, 1997 WL 150050, at *1 (D. Kan. Feb.

24, 1997) ("'A reasonable effort to confer' means more than mailing a letter to opposing counsel.")

Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion); see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

For all of these reasons, the Court **DENIES** the "Motion for Contempt," which is actually a motion to compel discovery from Defendant Day. (Doc. no. 21.) If Plaintiff is dissatisfied with Defendant Day's discovery responses served on March 16, 2015, he should attempt in good faith to resolve the matter with Mr. Ellington, and if that does not work, he should file a discovery motion that complies with the Local Rules.

SO ORDERED this 15th day of April, 2015, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.