IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE DEION CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-173 |
| | ) | |
| DEPUTY MICHAEL DAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* in this civil rights case. Discovery closed on June 22, 2015, and the last day for filing motions, including motions for summary judgment, is July 22, 2015. (Doc. no. 16.) To date, the Court has denied three requests by Plaintiff for appointment of counsel, (see doc. nos. 7, 27), and on June 8, 2015, Plaintiff filed a notice of appeal of the Court's May 18th Order that denied two of those requests for appointed counsel. (Doc. no. 28.)

Although filing a notice of appeal generally deprives a district court of jurisdiction over the issues involved in an appeal, "a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction." United States v. Riolo, 398 F. App'x 568, 571 (11th Cir. 2010) (citing United States v. Hitchmon, 602 F.2d

689, 694 (5th Cir. 1979)[1](*en banc*)). Denial of a request for appointment of counsel is not interlocutorily appealable. Bailey v. EMS Ventures, Inc., 495 F. App'x 986, 988 (11th Cir. 2012). Because Plaintiff's appeal to the Eleventh Circuit does not divest this Court of jurisdiction, the Court turns its attention to the pending issues.

## I. MOTION TO STAY PROCEEDINGS

By motion dated June 10, 2015, Plaintiff requested a stay of his deposition, noticed for June 17, 2015, until a decision on his appeal. (Doc. no. 32.) Plaintiff cited in support Federal Rule of Civil Procedure 62(b), but this rule governs staying proceedings to enforce a judgment, not staying pre-judgment discovery.

Second, because the appeal of this Court's denial of Plaintiff's request for appointment of counsel is procedurally improper, there is no basis for staying Plaintiff's deposition. In an Order dated November 10, 2014, the Court explained that Plaintiff is required to fully cooperate in discovery initiated by Defendant. (Doc. no. 7, p. 4.) Specifically, "[u]pon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action." (Id.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

Defendant's response to Plaintiff's motion to stay confirms that on June 4, 2015, counsel served a notice to take Plaintiff's deposition at JSP on June 17, 2015. (Doc. no. 33, Ex. A.) However, when defense counsel, Defendant, and a court reporter travelled to JSP on June 17, Plaintiff refused to answer any questions based on the assertion that he must have appointed counsel or a fellow inmate with him at his deposition. (Doc. no. 33, pp. 2-3.) As has been repeatedly explained to Plaintiff, he is not entitled to appointed counsel, (doc. nos. 7, 27), and the fellow inmate is not entitled to represent Plaintiff at a deposition or sit in on the deposition because he is not a licensed attorney of record in this case.

Therefore, the Court **DENIES** the motion to stay Plaintiff's deposition. (Doc. no. 32.) Under the terms of the Court's November 10, 2014 Order, Plaintiff shall sit for his deposition and answer defense counsel's questions. Discovery shall be reopened for thirty days from the date of this Order solely for the purpose of taking Plaintiff's deposition. Failure to cooperate at the deposition will result in dismissal of this case as a sanction under Federal Rule of Civil Procedure 37. See OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1366 n.24 (11th Cir. 2008) (citing Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986)); Banks v. Tanner Med. Ctr., Inc., No. 1:12-CV-4450-RWS, 2014 WL 8391889, at *4 (N.D. Ga. Sept. 10, 2014). The deadline for filing motions, including motions for summary judgment, is also extended until thirty days after the close of this new discovery period.

**II.   REQUEST FOR EXTENSION OF DISCOVERY PERIOD and NOTICE OF APPEARANCE OF LAY COUNSEL**

In a motion dated June 29, 2015 and received for filing by the Clerk of Court on July 7, 2015, a fellow inmate of Plaintiff's at JSP, Daniel W. Taylor, purported to file a motion for extension of time to complete discovery. The Court **DIRECTS** the Clerk to **TERMINATE** the improperly filed motion to extend discovery from the motions report. (Doc. no. 34.)

The motion was improperly filed because it was not signed by Plaintiff. The Court has twice cautioned Plaintiff and Mr. Taylor that Mr. Taylor is not authorized to sign and/or file papers in this case because in all *pro se* cases, the *pro se* litigant must sign each filing. (See doc. nos. 12, 20.) Undeterred, Mr. Taylor submitted an Appearance of Lay Counsel, in which he purports to have obtained a valid power of attorney to "sign [Mr. Curry's] signature and prepare documents to sustain judicial redress" in this case. (Doc. no. 35, p. 3.)

Mr. Taylor, a non-attorney, may not represent Plaintiff in federal court. Under 28 U.S.C. § 1654, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." "The existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." Stewart v. Moses, No. 7:14-CV-34 HL, 2014 WL 2986730, at *1 (M.D. Ga. July 2, 2014). Under Georgia law, a person granted a power of attorney who is not a lawyer may not represent other parties as such would be the unauthorized practice of law. See O.C.G.A §

4

15-19-51(a); <u>Toenniges v. Steed</u>, 739 S.E.2d 94, 95 (Ga. Ct. App. 2013). Accordingly, the Notice of Appearance of Lay Counsel is a nullity.

Mr. Taylor is not a party to this case and cannot represent Plaintiff in this case. As such, the Court **DIRECTS** the Clerk of Court to return any documents not signed by Plaintiff and accept for filing only documents signed by Plaintiff.

SO ORDERED this 15th day of July, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA