IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE DEION CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-173 |
| | ) | |
| DEPUTY MICHAEL DAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* in this civil rights case. Discovery originally closed on June 22, 2015. (Doc. no. 16.) By Order dated July 15, 2015, the Court reopened discovery for thirty days "soley for the purpose of taking Plaintiff's deposition." (Doc. no. 36, p. 3.) This limited, additional discovery period was necessary because Plaintiff had improperly refused to sit for his deposition that had been scheduled for June 4, 2015. (See doc. no. 33.) The Court's July 15th Order also extended the deadline for filing motions, including motions for summary judgment, until September 14, 2015. (Doc. no. 36, p. 3.) Defendant Day filed a motion for summary judgment on September 14, 2015, (doc. no. 39), and Plaintiff's response to this dispositive motion is currently due on October 8, 2015.

**I.     Plaintiff's "Refiled" Motions**

On September 23, 2015, the Clerk of Court received a document captioned "Refiling Notice to Compel," which is dated July 2, 2015, but bears a certificate of service suggesting a service date of September 17, 2015. (See doc. no. 45.) The docket does not show that this document was ever originally filed on July 2, 2015. However, based on the notation "Refiling Signed by Curry," (id. at 3), it appears as though it may be a document that was returned pursuant to the Court's July 15th Order directing the Clerk to return any documents not signed by Plaintiff and accept for filing only documents signed by Plaintiff, not his purported "lay counsel," fellow inmate Daniel Taylor. (See doc. no. 36.) Although the discovery period closed on June 22nd, with an extension granted until August 14th solely for the purpose of taking Plaintiff's deposition, Plaintiff seeks an order from the Court "compelling Defendant to produce for inspection, copying and admissible evidence all documents requested February 23, 2015." (Doc. no. 45, p. 1.) Plaintiff also attached to the supporting brief, copies of three prior motions which have previously been ruled upon by the Court, and he simply requests that these already-denied motions now be granted. (Id. at Ex. A, attaching doc. nos. 11, 18, 26.)

The Court **DENIES** the "Refiling Notice to Compel." To the extent this motion can be construed as a discovery motion, it does not comply with the Court's Local Rules, which have been previously explained to Plaintiff and include a requirement for a certification that a good faith effort has been made to resolve any discovery dispute with opposing counsel before seeking Court intervention. (See doc. no. 20; see also Layfield v. Bill Heard

Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).) To the extent Plaintiff seeks appointment of counsel, the Court has explained to Plaintiff on multiple occasions that he is not entitled such an appointment, (see doc. nos. 7, 27), and Plaintiff offers no new information in support of his request.

## II. John Doe Defendants

On November 10, 2014, the Court determined that Plaintiff arguably stated a Fourth Amendment claim against Defendant Day and other "John Doe" members of the Columbia County Drug Task Force for use of excessive force, as well as a failure to intervene claim against "John Doe" Task Force members who were present but did not stop the alleged beating. (Doc. no. 7, pp. 1-2.) The Court directed the United States Marshal to serve Defendant Day and informed Plaintiff that he was responsible for identifying the John Doe Defendants and notifying the Court so that the Marshal could be directed to effect service. (Id. at 3.) The Court further directed that Plaintiff should provide the names of the John Doe Defendants as soon as possible because service must be accomplished within 120 days. (Id.) The Court explained to Plaintiff that it was his responsibility to provide sufficient information for the Marshal to identify and locate Defendants to timely effect service within 120 days of the Court's November 10th Order. (Id. at 3-4 (citing Fed. R. Civ. P. 4(m)). The Court also warned Plaintiff that any Defendant not timely served within this 120-day period may be dismissed. (Id. at 4.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

Now, the 120 days allowed for service have elapsed, discovery has closed, and there is no evidence in the record that Plaintiff ever identified the John Doe Defendants so that the Marshal could be directed to effect service. Rule 4(m) gives a 120-day period for service but also empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). Thus, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Accordingly, Plaintiff <u>shall have fourteen days from the date of this Order</u> to explain why the John Doe Defendants should not be dismissed. Not only have they not been served within the 120 days allotted by Rule 4(m), but as a general rule, federal courts do not permit fictitious-party pleading. New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

### III.    **Response to Motion for Summary Judgment**

Finally, Plaintiff's response to Defendant Day's September 14, 2015 motion for summary judgment is due on October 8, 2015. The Clerk of Court issued a notice informing Plaintiff about the motion on September 15, 2015, (doc. no. 43), but to make sure Plaintiff fully understands the ramifications of Defendant's motion for summary judgment should he

not file a response, the Court will now reiterate to Plaintiff the consequences of a motion for summary judgment.[2]

Once a motion for summary judgment is filed, the opponent should be afforded a reasonable opportunity to counter the affidavits of the movant. Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). The reasonable opportunity encompasses not only time to respond, but notice and an explanation of rights that may be lost if a response is not filed. Id.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and demonstrating that there is an absence of any dispute as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Also the moving party may be granted summary judgment if they show the Court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party makes this showing, then they are entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id. This Court in ruling on a summary judgment motion must

---

[2]Plaintiff was first informed of the consequences of a summary judgment motion in the Court's November 10, 2014 Order. (Doc. no. 7, p. 6.)

5

determine whether under the governing law there can be but one reasonable conclusion as to the verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Moreover, a mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to defeat a summary judgment motion; there must be evidence on which the jury could reasonably find for Plaintiff. See id. at 252. All reasonable doubts, however, must be resolved in favor of the party opposing summary judgment. Casey Enters., Inc. v. American Hardware Mutual Ins. Co., 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981). When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists. This burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981).

Should Plaintiff not express opposition to Defendant's motion, the consequences are these: Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed. See Loc. R. 7.5.

Accordingly, Plaintiff is **ORDERED** to file any opposition to Defendant's motion for summary judgment, with appropriate supporting affidavits, or to inform the Court of his decision not to object to Defendant's motion by October 8, 2015. To ensure that Plaintiff's response is made with fair notice of the requirements of the summary judgment rule, the
6

Clerk of Court is **INSTRUCTED** to attach a copy of Fed. R. Civ. P. 56 to the copy of this Order that is served on Plaintiff.

SO ORDERED this 2nd day of October, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA