IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE DEION CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-173 |
| | ) | |
| DEPUTY MICHAEL DAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* in this civil rights case. On November 10, 2014, the Court determined that Plaintiff arguably stated a Fourth Amendment claim against Defendant Day and other "John Doe" members of the Columbia County Drug Task Force for use of excessive force, as well as a failure to intervene claim against "John Doe" Task Force members who were present but did not stop the alleged beating. (Doc. no. 7, pp. 1-2.) The Court directed the United States Marshal to serve Defendant Day and informed Plaintiff that he was responsible for identifying the John Doe Defendants and notifying the Court so that the Marshal could be directed to effect service. (Id. at 3.) The Court further directed that Plaintiff should provide the names of the John Doe Defendants as soon as possible because service must be accomplished within 120 days. (Id.) The Court explained to Plaintiff that it was his responsibility to provide sufficient information for the Marshal to identify and locate Defendants to timely effect service

within 120 days of the Court's November 10th Order. (Id. at 3-4 (citing Fed. R. Civ. P. 4(m)). The Court also warned Plaintiff that any Defendant not timely served within this 120-day period may be dismissed. (Id. at 4.)

On October 2, 2015, the Court entered an order recognizing that the 120 days allowed for service had elapsed, discovery had closed, and there was no evidence in the record that Plaintiff ever identified the John Doe Defendants so that the Marshal could be directed to effect service.[1] (Doc. no. 46.) The Court reminded Plaintiff of the 120-day service rule but explained that Rule 4(m) also empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). However, even if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Thus, the Court provided Plaintiff with fourteen days to explain why the John Doe Defendants should not be dismissed because they had not been identified and served within the 120-day service period. (Doc. no. 46, p. 4.)

Plaintiff failed to respond to the Court's show cause order. Thus, he has not shown good cause for failing to identify and timely effect service on the John Doe Defendants, and the Court finds that no other circumstances warrant an extension of the service period. Additionally, because Defendant Day has made an appearance in this case, dismissal of the

---

[1] The Court also explained that as a general rule, federal courts do not permit fictitious-party pleading. New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).

unserved John Doe Defendants will not completely deprive Plaintiff of the opportunity to litigate claims arising out of the events underlying this lawsuit.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims against the John Doe Defendants be **DISMISSED** without prejudice for failure to timely effect service and all John Doe Defendants be **DISMISSED** from this case. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 28th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA