IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE DEION CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-173 |
| | ) | |
| DEPUTY MICHAEL DAY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. All Defendants, save Defendant Day, have been dismissed from this case, and Defendant Day has filed a motion for summary judgment. (Doc. nos. 10, 39, 53.) Despite receiving an extension of time, Plaintiff did not respond to the motion for summary judgment, but he has moved to voluntarily dismiss the case. (Doc. no. 51.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to dismiss without prejudice be **GRANTED** under the conditions described herein, and that Defendant's motion for summary judgment be **DENIED AS MOOT**.

**I.    BACKGROUND**

The complaint alleges use of excessive force during Plaintiff's August 2013 arrest on a charge of trafficking in cocaine. (Doc. no. 1, p. 5.) Upon screening the IFP complaint, the Court ordered that service of process be effected, and Defendant Day filed his answer on

February 2, 2015. (Doc. nos. 7, 15.) The Clerk of Court entered a scheduling notice setting deadlines for the case, and the parties proceeded with discovery. (Doc. no. 16.) Plaintiff filed two motions to compel discovery that necessitated responses from Defendant, even though the Court ultimately determined there was no merit to Plaintiff's motions. (Doc. nos. 18-23.)

Also during the discovery process, a fellow inmate, Daniel W. Taylor, attempted to participate in the case as "lay counsel" for Plaintiff. (See doc. nos. 11, 35.) The Court explained to Plaintiff that as a non-lawyer, Mr. Taylor could not represent him. (Doc. nos. 12, 20.) Plaintiff requested appointed counsel, but the Court denied those motions, explaining that as a general rule, there is no entitlement to appointed counsel in a civil rights case and Plaintiff had not shown exceptional circumstances justifying such an appointment. (See doc. no. 27 and case law cited therein.)

On June 4, 2015, counsel served a notice to take Plaintiff's deposition at JSP on June 17, 2015. (Doc. no. 33, Ex. A.) Plaintiff prepared a motion to stay the deposition on June 11, 2015, while he appealed the denial of his request for appointed counsel, but the motion did not reach the Court until June 18, 2015. (See doc. no. 32.) The Eleventh Circuit Court of Appeals dismissed the appeal, *sua sponte*, for lack of jurisdiction. (Doc. no. 37.)

In the meantime, when defense counsel, Defendant, and a court reporter travelled to JSP on June 17, Plaintiff refused to answer any questions based on the assertion that he must have appointed counsel or a fellow inmate with him at his deposition. (Doc. no. 33, pp. 2-3.) The Court denied the motion to stay and re-opened discovery for thirty days for the limited purpose of taking Plaintiff's deposition, which ultimately occurred on August 12, 2015. (Doc. no. 36; doc. no. 42, Ex. 2.)

Defendant filed his motion for summary judgment and supporting documentation on September 14, 2015. (Doc. nos. 39-42.) On October 2, 2015, the Court directed Plaintiff to show cause why unidentified, unserved John Doe defendants should not be dismissed without prejudice from the case. (Doc. no. 46.) Plaintiff received an extension of time to respond to the summary judgment motion and show cause order. (Doc. no. 48.) The Court dismissed the unserved John Doe defendants without prejudice. (Doc. nos. 49, 53.) Plaintiff did not respond to the summary judgment motion, but did request to dismiss the case "until Plaintiff becomes mentally and physically able to represent himself again as a pro se lay person." (Doc. no. 51.) Defendant contends Plaintiff's motion to dismiss is improper, but if the Court allows dismissal, Defendant seeks payment of the costs incurred to defend this litigation. (See doc. no. 52.)

## II. DISCUSSION

Under Federal Rule of Civil Procedure 41(a)(1), an action may be voluntarily dismissed without a court order at any time prior to service of an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared in the action. Because the only Defendant to have appeared has filed a motion for summary judgment but has not signed a stipulation of dismissal, Plaintiff must obtain an order from the Court to dismiss his case, and Federal Rule 41(a)(2) governs the request for dismissal. Under Rule 41(a)(2), unless otherwise specified in the Court's ruling, dismissal is without prejudice and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The Court has broad discretion to determine whether voluntary dismissal under Rule 41(a)(2) should be granted. Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255-56

(11th Cir. 2001). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result. The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." Id. at 1255 (citations and internal quotations omitted). The rule allows the court to implement curative conditions so that a voluntary dismissal does not inequitably impact the opposing party. McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986). In making its decision, the Court should "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions as are deemed appropriate." Id. at 857; see also Arias v. Cameron, 776 F.3d 1262, 1272 (11th Cir. 2015) (same).

Moreover, even though a case has proceeded to the summary judgment stage and a voluntary dismissal may be an attempt to avoid an adverse summary judgment ruling, such a procedural posture, particularly in the absence of bad faith, does not amount to plain legal prejudice. Potenberg, 252 F.3d at 1257-58. "Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." Id. at 1256. Indeed, the Eleventh Circuit has declined to impose a bright-line rule to prevent granting a Rule 41(a)(2) voluntary dismissal without prejudice when there is a pending summary judgment motion. Arias, 776 F.2d at 1273. However, a Rule 41(a)(2) dismissal without prejudice is usually not allowed "after the defendant has been put to considerable expense preparing for trial, except

4

on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." McCants, 781 F.2d at 860.

Having weighed the interests of Defendant against the request for dismissal, the Court concludes dismissal without prejudice should be granted in accordance with the following terms. First, the Court will not, as suggested by Plaintiff, (doc. no. 51, p. 2), recommend dismissal of this case "until" he is prepared to go forward with his claims. Plaintiff assumes the responsibility for pursuing any future case in accordance with all applicable rules, statutes, and case law, including but not limited to the applicable statute of limitations. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

Second, the recommendation for dismissal without prejudice is hereby conditioned on the payment of costs to Defendant as contemplated by Rule 41(d) should Plaintiff later decide to refile his case. "Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse it 'broad equitable discretion' by dismissing the action without prejudice." Potenberg, 252 F.3d at 1260. If a plaintiff who previously dismissed his case in any court files another action based on or including the same claim against the same defendant, the plaintiff may be ordered to pay all or part of the costs of the prior case, and the Court can stay the proceedings in the new case until the plaintiff has complied. Fed. R. Civ. P. 41(d). If Plaintiff decides to refile against Mr. Day in the future, he must disclose this civil

5

action and pay all costs incurred by the defense in this civil action. See Potenberg, 252 F.3d at 1260 (approving of dismissal without prejudice conditioned on payment of costs to defendant if plaintiff later refiled).

In the refiled civil action, Defendant shall submit a bill of costs within the time required for the filing of its responsive pleading to the refiled complaint. The Court shall review said bill and enter an order determining the reasonable amount of costs to be paid by Plaintiff. The refiled civil action shall be stayed for thirty days thereafter. Plaintiff shall pay all such costs within this thirty-day period, and failure to do so shall constitute just cause for dismissal. See Hill v. Ford Motor Co., No. 408CV012, 2008 WL 2811309, at *2 (S.D. Ga. July 21, 2008) (conditioning voluntary dismissal on pre-payment of costs in any refiled action and enjoining proceeding with refiled case until cost issue resolved). Defendant shall file its responsive pleading to the complaint within thirty days of receiving payment from Plaintiff.

Third, Defendant may refile the current summary judgment motion "as is" at any time in the refiled action, without the need to make any changes whatsoever other than attaching as a cover page the new caption. Plaintiff shall have the right to submit a brief in opposition to any such summary judgment motion, but shall not contend that the motion is premature and/or that additional discovery is necessary prior to a summary judgment ruling.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to dismiss without prejudice be **GRANTED** under the conditions

described herein, (doc. no. 51), and that Defendant's motion for summary judgment be **DENIED AS MOOT**, (doc. no. 39).

SO REPORTED and RECOMMENDED this 29th day of July, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA